**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TARA PICHLA, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 3085 |
| | ) | |
| vs. | ) | Judge Lindberg |
| | ) | Magistrate Judge Cole |
| PORTFOLIO RECOVERY ASSOCIATES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendant Portfolio Recovery Associates LLC ("Portfolio"). Plaintiff defines the class as (a) all individuals (b) against whom defendant Portfolio Recovery Associates LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the Illinois Collection Agency Act ("ICAA").

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states as follows:

### NATURE OF THE CASE

1. There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

2. There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also, Miller v. Wolpoff & Abramson,

LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

3.    In Wood v. M&J Recovery LLC, CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt.  Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

4.    In Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C., IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

5.    Courts have also dismissed  numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.  In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D. Ohio 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio,

Nov. 21, 2007); <u>Everhome Mtge. Co. v. Rowland</u>, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); <u>Deutsche Bank National Trust Co. v. Castellanos</u>, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); <u>HSBC Bank USA, N.A. v. Valentin</u>, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); <u>HSBC Bank USA, N.A. v. Cherry</u>, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); <u>Deutsche Bank National Trust Co. v. Castellanos,</u> 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

6.      An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on. Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in smaller chunks that they can handle.
>
> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent....

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty surprises,</u> Collections & Credit Risk, March 2007, pg. 24 Vol. 12 No. 3.

7.      Debt buyer American Acceptance file a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title.  <u>American Acceptance Co. v. Goldberg</u>, 2:08cv9 (N.D. Ind.).  Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them.  <u>Hudson & Keyse, LLC v. Goldberg & Associates, LLC</u>, 07-81047-civ (S.D. Fla., filed Nov. 5, 2007).  A

similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D. Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own.  RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007).  Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

8.      In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name.  In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois.  The following is from a press release issued by the FTC in connection with that case:

> ... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.
>
> According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

9.      In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies."  This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

10.      Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

11.     Furthermore, the assignment must be attached to the complaint.  <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

12.     Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

13.     Defendant Portfolio, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

14.     Plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f,  and ICAA §9.  Plaintiff alleges that the filing of

lawsuits without legally-sufficient title to the debts sued upon is a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e), a "false representation of ... (A) the character, amount, or legal status of any debt" (15 U.S.C. §1692e(2)), a "threat to take any action that cannot legally be taken" (15 U.S.C. §1692e(5)), and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (15 U.S.C. §1692e(10)), as well as an unfair practice, in violation of 15 U.S.C. §1692f. Plaintiff further contends that defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein and "[a]ttempt[ed] or threaten[ed] to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...." 225 ILCS 425/9. Finally, plaintiff contends that the same conduct constitutes an unfair practice within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

## CLASS CERTIFICATION REQUIREMENTS

15.     All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

16.     It is reasonable to infer from the following facts that the number of class members exceeds the approximately 40 required for certification:

a.     This action complains of a standard practice used by defendant. Defendant uses form complaints and never has the required assignment attached;

b.     Defendant has filed, since January 1, 2008, more than 100 lawsuits against residents of Illinois. Appendix A is a printout of the Cook County Circuit Court listing of its filings. Other cases have been filed in other counties.

17.     Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

18.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether defendant's practice violates the FDCPA, ICAA, and the Illinois Consumer Fraud Act.

19.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

20.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.  (Appendix B).

21.     A class action is superior to other alternative methods of adjudicating this dispute, in that:

    a.     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute;

    b.     A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

22.     In further support of this motion, plaintiff submits the accompanying memorandum of law.

23.     Plaintiff is filing a class certification motion at this time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## LIST OF APPENDICES

A      Search of lawsuits filed by Portfolio Recovery Associates LLC in Cook County Circuit Court since January 1, 2008.

B      Declaration of Daniel A. Edelman.

## <u>CERTIFICATE OF SERVICE</u>

        I, Daniel A. Edelman, hereby certify that on June 27, 2008, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

David Israel
disrael@sessions-law.biz

James K. Schultz
jschultz@sessions-law.biz

                                      <u>s/Daniel A. Edelman</u>
                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# APPENDIX A



*Dorothy Brown*

# CLERK *of the*
# CIRCUIT COURT
## *Cook County*

*Division: Civil*
**Click on Case Number for Case Information Summary**

Name Search Results for: PORTFOLIO RECOVERY

| Case Number | Plaintiff | Defendant | Date Filed |
|---|---|---|---|
| 2008-M1-138921 | PORTFOLIO RECOVERY | FLOWERS ROSE MARY | 05/12/2008 |
| 2008-M1-138925 | PORTFOLIO RECOVERY | KRIZ MARY S | 05/12/2008 |
| 2008-M1-138929 | PORTFOLIO RECOVERY | LINDEMAN NORMAN M | 05/12/2008 |
| 2008-M1-138930 | PORTFOLIO RECOVERY | PEREZ LUIS P JR | 05/12/2008 |
| 2008-M1-138931 | PORTFOLIO RECOVERY | BARTOSIK IZABELA | 05/12/2008 |
| 2008-M1-138932 | PORTFOLIO RECOVERY | CASTRO NORMA | 05/12/2008 |
| 2008-M1-138933 | PORTFOLIO RECOVERY | HAMMAD MOHD A | 05/12/2008 |
| 2008-M1-138934 | PORTFOLIO RECOVERY | KIRBY PATRICK | 05/12/2008 |
| 2008-M1-138935 | PORTFOLIO RECOVERY | MASSHAD SAMIR | 05/12/2008 |
| 2008-M1-138936 | PORTFOLIO RECOVERY | PESOLA MICHAEL | 05/12/2008 |
| 2008-M1-138937 | PORTFOLIO RECOVERY | PIERCE JOYCE A | 05/12/2008 |
| 2008-M1-138938 | PORTFOLIO RECOVERY | SWISTAK ANNA | 05/12/2008 |
| 2008-M1-138939 | PORTFOLIO RECOVERY | WADE EBERA | 05/12/2008 |
| 2008-M1-138940 | PORTFOLIO RECOVERY | DAIGHRE MALCOLM | 05/12/2008 |
| 2008-M1-138941 | PORTFOLIO RECOVERY | DAVIS ROOSEVELT JR | 05/12/2008 |
| 2008-M1-138942 | PORTFOLIO RECOVERY | EDMOND AYISHA | 05/12/2008 |
| 2008-M1-138950 | PORTFOLIO RECOVERY | HUERTA ALEJANDRO | 05/12/2008 |
| 2008-M1-138952 | PORTFOLIO RECOVERY | MOORE MATTIE | 05/12/2008 |
| 2008-M1-138955 | PORTFOLIO RECOVERY | POTTS FELICIA L | 05/12/2008 |
| 2008-M1-138958 | PORTFOLIO RECOVERY | THOMAS JOHN N | 05/12/2008 |
| 2008-M1-138961 | PORTFOLIO RECOVERY | TOMKLAWICZ LARRY | 05/12/2008 |
| 2008-M1-138963 | PORTFOLIO RECOVERY | TURNER ANDRE I | 05/12/2008 |
| 2008-M1-134549 | PORTFOLIO RECOVERY | GARCIA FROYLAN JR | 04/29/2008 |
| 2008-M1-134550 | PORTFOLIO RECOVERY | MCCLINE DONALD | 04/29/2008 |

https://west.com/link/2008/lexis.Pargeo3k.county/FindDock.asp?NCa...

| | | | |
|---|---|---|---|
| 2008-M1-134551 | PORTFOLIO RECOVERY | SHEPARD LYDIA J | 04/29/2008 |
| 2008-M1-134552 | PORTFOLIO RECOVERY | RUSS DIANE | 04/29/2008 |
| 2008-M1-134553 | PORTFOLIO RECOVERY | GEORGE CYNTHIA | 04/29/2008 |
| 2008-M1-134554 | PORTFOLIO RECOVERY | PERRY LATASHA | 04/29/2008 |
| 2008-M1-134555 | PORTFOLIO RECOVERY | VAZQUEZ ISOLINA | 04/29/2008 |
| 2008-M1-134556 | PORTFOLIO RECOVERY | HERNANDEZ GUADALUP | 04/29/2008 |
| 2008-M1-134557 | PORTFOLIO RECOVERY | VASTARELLA ANGELA | 04/29/2008 |
| 2008-M1-134558 | PORTFOLIO RECOVERY | ROMAYA GABRIELA E | 04/29/2008 |
| 2008-M1-134559 | PORTFOLIO RECOVERY | ESPINOZA GREGORIO | 04/29/2008 |
| 2008-M1-134560 | PORTFOLIO RECOVERY | BAYARI HANI | 04/29/2008 |
| 2008-M1-134561 | PORTFOLIO RECOVERY | KHAN SHUAIB | 04/29/2008 |
| 2008-M1-134562 | PORTFOLIO RECOVERY | BALTIMORE GLORIA A | 04/29/2008 |
| 2008-M1-134563 | PORTFOLIO RECOVERY | WHITNEY LIAM J | 04/29/2008 |
| 2008-M1-134564 | PORTFOLIO RECOVERY | WEEKLEY LULA B | 04/29/2008 |
| 2008-M1-134566 | PORTFOLIO RECOVERY | JADALLAH ALLAN N | 04/29/2008 |
| 2008-M1-134567 | PORTFOLIO RECOVERY | DRAGGS POLLY | 04/29/2008 |
| 2008-M1-134568 | PORTFOLIO RECOVERY | PAYNE THERESA M | 04/29/2008 |
| 2008-M1-134569 | PORTFOLIO RECOVERY | JOHNSON KEVIN V | 04/29/2008 |
| 2008-M1-134570 | PORTFOLIO RECOVERY | STASZCZAK MARGARET | 04/29/2008 |
| 2008-M1-134571 | PORTFOLIO RECOVERY | VALENTE CABRERA | 04/29/2008 |
| 2008-M1-134572 | PORTFOLIO RECOVERY | SHADD ROSEY T | 04/29/2008 |
| 2008-M1-134573 | PORTFOLIO RECOVERY | CARTER EVELYN V | 04/29/2008 |
| 2008-M1-134575 | PORTFOLIO RECOVERY | BLACK REX | 04/29/2008 |
| 2008-M1-130876 | PORTFOLIO RECOVERY | STIEBEL STEVWEN | 04/17/2008 |
| 2008-M1-127311 | PORTFOLIO RECOVERY | PAWENI TSITSI T | 04/04/2008 |
| 2008-M1-127312 | PORTFOLIO RECOVERY | ROSS DOLORES J | 04/04/2008 |
| 2008-M1-127313 | PORTFOLIO RECOVERY | KHAN WASEEM | 04/04/2008 |
| 2008-M1-127314 | PORTFOLIO RECOVERY | FLORES EUSEBIO F | 04/04/2008 |
| 2008-M1-127315 | PORTFOLIO RECOVERY | COLEMAN ETHEL | 04/04/2008 |
| 2008-M1-127316 | PORTFOLIO RECOVERY | CHATMAN JERRY C | 04/04/2008 |
| 2008-M1-127317 | PORTFOLIO RECOVERY | AUGUSTYN MARK S | 04/04/2008 |
| 2008-M1-127318 | PORTFOLIO RECOVERY | WADE TONY | 04/04/2008 |
| 2008-M1-127320 | PORTFOLIO RECOVERY | WESLEY JOSEPH | 04/04/2008 |
| 2008-M1-127323 | PORTFOLIO RECOVERY | SHALA SADIK | 04/04/2008 |
| 2008-M1-127325 | PORTFOLIO RECOVERY | TOURAY NFAMARA | 04/04/2008 |
| 2008-M1-127327 | PORTFOLIO RECOVERY | SHOUSE HARRY R | 04/04/2008 |

https://...com/tr/1/2008exis.com/tr.../FindDock.asp?NCa...

| | | | |
|---|---|---|---|
| 2008-M1-127329 | PORTFOLIO RECOVERY | SEIFERT DENNIS R | 04/04/2008 |
| 2008-M1-127331 | PORTFOLIO RECOVERY | PICHLA TARA L | 04/04/2008 |
| 2008-M1-127333 | PORTFOLIO RECOVERY | MOXLEY MEREDITH M | 04/04/2008 |
| 2008-M1-127335 | PORTFOLIO RECOVERY | MILTON CHRISTOPH | 04/04/2008 |
| 2008-M1-127337 | PORTFOLIO RECOVERY | KISSEL TINA | 04/04/2008 |
| 2008-M1-127339 | PORTFOLIO RECOVERY | LEWERENZ IDA M | 04/04/2008 |
| 2008-M1-127340 | PORTFOLIO RECOVERY | GOOD KIMBERLY D | 04/04/2008 |
| 2008-M1-127341 | PORTFOLIO RECOVERY | PEREZ GINELLY | 04/04/2008 |
| 2008-M1-127342 | PORTFOLIO RECOVERY | BELL ANDRE | 04/04/2008 |
| 2008-M1-127343 | PORTFOLIO RECOVERY | BEAN DELBERT R | 04/04/2008 |
| 2008-M1-127406 | PORTFOLIO RECOVERY | JONES CARRIE A | 04/04/2008 |
| 2008-M1-127407 | PORTFOLIO RECOVERY | LEE JENNIFER J | 04/04/2008 |
| 2008-M1-118816 | PORTFOLIO RECOVERY | PERNINI EDWARD A | 03/04/2008 |
| 2008-M1-118817 | PORTFOLIO RECOVERY | REESE JAMES | 03/04/2008 |
| 2008-M1-118819 | PORTFOLIO RECOVERY | ROGERS ZIRLEE | 03/04/2008 |
| 2008-M1-111948 | PORTFOLIO RECOVERY | JARMOLA MARGARET M | 02/13/2008 |
| 2008-M1-109596 | PORTFOLIO RECOVERY | DAVIDSON LINDA | 02/06/2008 |
| 2008-M1-109605 | PORTFOLIO RECOVERY | RAY TARRIS C | 02/06/2008 |
| 2008-M1-109608 | PORTFOLIO RECOVERY | PETTY JOHN | 02/06/2008 |
| 2008-M1-109612 | PORTFOLIO RECOVERY | STOVALL IRENE | 02/06/2008 |
| 2008-M1-109617 | PORTFOLIO RECOVERY | RODRIGUEZ ALEJANDR | 02/06/2008 |
| 2008-M1-109618 | PORTFOLIO RECOVERY | RISPER DINAH | 02/06/2008 |
| 2008-M1-109626 | PORTFOLIO RECOVERY | GALASSO KIMBERLY | 02/06/2008 |
| 2008-M1-109769 | PORTFOLIO RECOVERY | KIMBLE AUDWIN | 02/06/2008 |
| 2008-M1-109772 | PORTFOLIO RECOVERY | MUNOZ MARICRUZ | 02/06/2008 |
| 2008-M1-109778 | PORTFOLIO RECOVERY | VLNA ERICA | 02/06/2008 |
| 2008-M1-109781 | PORTFOLIO RECOVERY | WILLIAMS ALICIA R | 02/06/2008 |
| 2008-M1-109782 | PORTFOLIO RECOVERY | WILLIAMS SAMANTHA | 02/06/2008 |
| 2008-M1-109783 | PORTFOLIO RECOVERY | HILLIARD ROOSEVELT | 02/06/2008 |
| 2008-M1-109806 | PORTFOLIO RECOVERY | FORT ALLEN | 02/06/2008 |
| 2008-M1-109821 | PORTFOLIO RECOVERY | FISHER ERICA D D | 02/06/2008 |
| 2008-M1-109825 | PORTFOLIO RECOVERY | MERCADO MARY | 02/06/2008 |
| 2008-M1-109830 | PORTFOLIO RECOVERY | POLUBIEC PETER | 02/06/2008 |
| 2008-M1-109843 | PORTFOLIO RECOVERY | MILLER JEFFERY | 02/06/2008 |
| 2008-M1-109875 | PORTFOLIO RECOVERY | GENOVESE STUART C | 02/06/2008 |
| 2008-M1-109907 | PORTFOLIO RECOVERY | GALVEZ MAYRA | 02/06/2008 |

| 2008-M1-109912 | PORTFOLIO RECOVERY | GREEN CURTIS | 02/06/2008 |
|---|---|---|---|
| 2008-M1-109922 | PORTFOLIO RECOVERY | LANE DONALD W | 02/06/2008 |
| 2008-M1-108603 | PORTFOLIO RECOVERY | GARAY RUTH A | 02/04/2008 |
| 2008-M1-108609 | PORTFOLIO RECOVERY | AHMED ABID | 02/04/2008 |
| 2008-M1-108637 | PORTFOLIO RECOVERY | TOVAR MANUEL | 02/04/2008 |
| 2008-M1-108638 | PORTFOLIO RECOVERY | CARLSON KEITH | 02/04/2008 |
| 2008-M1-108639 | PORTFOLIO RECOVERY | TAYLOR JEREMY | 02/04/2008 |
| 2008-M1-108646 | PORTFOLIO RECOVERY | WILHELM JIM | 02/04/2008 |
| 2008-M1-107777 | PORTFOLIO RECOVERY | SANCHEZ LUIS C | 01/31/2008 |
| 2008-M1-107784 | PORTFOLIO RECOVERY | IACOVELLA AMEDEA | 01/31/2008 |
| 2008-M1-107787 | PORTFOLIO RECOVERY | BERRY KATHERINE | 01/31/2008 |
| 2008-M1-107803 | PORTFOLIO RECOVERY | WILLIAMS RUBY L | 01/31/2008 |
| 2008-M1-107805 | PORTFOLIO RECOVERY | THEO DENA | 01/31/2008 |
| 2008-M1-107807 | PORTFOLIO RECOVERY | SHEALEY ERIC | 01/31/2008 |
| 2008-M1-107816 | PORTFOLIO RECOVERY | HOOKS CORLISS D | 01/31/2008 |
| 2008-M1-108008 | PORTFOLIO RECOVERY | MCGEE EMMA J | 01/31/2008 |
| 2008-M1-108009 | PORTFOLIO RECOVERY | GEARON PAMELA J | 01/31/2008 |
| 2008-M1-108012 | PORTFOLIO RECOVERY | DICKENS LEONARD | 01/31/2008 |
| 2008-M1-108015 | PORTFOLIO RECOVERY | WILLIAMSON CHERYL | 01/31/2008 |
| 2008-M1-108037 | PORTFOLIO RECOVERY | HENDERSON MAURICE | 01/31/2008 |
| 2008-M1-108056 | PORTFOLIO RECOVERY | FOSTER TERRY L | 01/31/2008 |
| 2008-M1-107168 | PORTFOLIO RECOVERY | SUCHARZEWSKI MARYA | 01/30/2008 |
| 2008-M1-107172 | PORTFOLIO RECOVERY | WILLIS VICTORIA | 01/30/2008 |
| 2008-M1-107181 | PORTFOLIO RECOVERY | DAVIS JAQUENETTE | 01/30/2008 |
| 2008-M1-107218 | PORTFOLIO RECOVERY | YOUNG WARREN | 01/30/2008 |
| 2008-M1-107221 | PORTFOLIO RECOVERY | BONDS SHARON | 01/30/2008 |
| 2008-M1-107225 | PORTFOLIO RECOVERY | CAGLE KAREN L | 01/30/2008 |
| 2008-M1-107237 | PORTFOLIO RECOVERY | MACK ANGEL M | 01/30/2008 |
| 2008-M1-107249 | PORTFOLIO RECOVERY | CHAVEZ BAUDELI | 01/30/2008 |
| 2008-M1-107285 | PORTFOLIO RECOVERY | MONTALVO LYNETTE | 01/30/2008 |
| 2008-M1-107286 | PORTFOLIO RECOVERY | OWENS LARRY D | 01/30/2008 |
| 2008-M1-107288 | PORTFOLIO RECOVERY | SUCHARZEWSKI MARYA | 01/30/2008 |
| 2008-M1-107289 | PORTFOLIO RECOVERY | STOFER ROBERT W | 01/30/2008 |
| 2008-M1-107302 | PORTFOLIO RECOVERY | CRUTCH MARVEL | 01/30/2008 |
| 2008-M1-106667 | PORTFOLIO RECOVERY | BROWN ANTHONY | 01/29/2008 |
| 2008-M1-105984 | PORTFOLIO RECOVERY | KREGER RICHARD | 01/25/2008 |

https://www.cookcountyclerkofcourt.org/FindDock.asp?NCa...

| 2008-M1-105985 | PORTFOLIO RECOVERY | MALKI ASHRAF | 01/25/2008 |
|---|---|---|---|
| 2008-M1-106000 | PORTFOLIO RECOVERY | HOOKS MAXINE M | 01/25/2008 |
| 2008-M1-106007 | PORTFOLIO RECOVERY | KNIGHT LENA | 01/25/2008 |
| 2008-M1-106025 | PORTFOLIO RECOVERY | ARANIBAR ROXANA | 01/25/2008 |
| 2008-M1-106026 | PORTFOLIO RECOVERY | BURTON VICTOR D | 01/25/2008 |
| 2008-M1-106043 | PORTFOLIO RECOVERY | MURDOCK MELISSA A | 01/25/2008 |
| 2008-M1-105599 | PORTFOLIO RECOVERY | DACARA JEREMIH M | 01/24/2008 |
| 2008-M1-105101 | PORTFOLIO RECOVERY | THOMPSON JOHN | 01/23/2008 |
| 2008-M1-105105 | PORTFOLIO RECOVERY | YARBER DEBORAH J | 01/23/2008 |
| 2008-M1-104791 | PORTFOLIO RECOVERY | ECK RAYMOND | 01/22/2008 |
| 2008-M1-104796 | PORTFOLIO RECOVERY | LUGO MARTIN JR | 01/22/2008 |
| 2008-M1-104803 | PORTFOLIO RECOVERY | BRYANT YVONNE | 01/22/2008 |
| 2008-M1-104806 | PORTFOLIO RECOVERY | CYBULSKI PETER J | 01/22/2008 |
| 2008-M1-104810 | PORTFOLIO RECOVERY | NATHAN JEFFREY A | 01/22/2008 |
| 2008-M1-104821 | PORTFOLIO RECOVERY | PAYTON GWENDOLYN | 01/22/2008 |
| 2008-M1-104580 | PORTFOLIO RECOVERY | CIRUELAS ANTONIO | 01/18/2008 |
| 2008-M1-104615 | PORTFOLIO RECOVERY | RANGE EARLENE | 01/18/2008 |
| 2008-M1-104617 | PORTFOLIO RECOVERY | RODRIGUEZ RUBEN | 01/18/2008 |
| 2008-M1-104726 | PORTFOLIO RECOVERY | TENORIO GABRIELA | 01/18/2008 |
| 2008-M1-104025 | PORTFOLIO RECOVERY | GOODMAN ERIC F | 01/17/2008 |
| 2008-M1-103636 | PORTFOLIO RECOVERY | NAVA VICTOR | 01/16/2008 |
| 2008-M1-103644 | PORTFOLIO RECOVERY | BEACH MARY L | 01/16/2008 |
| 2008-M1-103669 | PORTFOLIO RECOVERY | RUCKER DEBRA | 01/16/2008 |
| 2008-M1-103680 | PORTFOLIO RECOVERY | NASH JAMES A JR | 01/16/2008 |
| 2008-M1-103973 | PORTFOLIO RECOVERY | MCKINNON DENNIS L | 01/16/2008 |
| 2008-M1-103981 | PORTFOLIO RECOVERY | RIOS ALEXIS | 01/16/2008 |
| 2008-M1-103983 | PORTFOLIO RECOVERY | TRUJILLO SAMUEL | 01/16/2008 |
| 2008-M1-103991 | PORTFOLIO RECOVERY | CAZARES CONCEPCION | 01/16/2008 |
| 2008-M1-102980 | PORTFOLIO RECOVERY | YOUNG LENA F | 01/15/2008 |
| 2008-M1-103016 | PORTFOLIO RECOVERY | GARZA MARIO A | 01/15/2008 |
| 2008-M1-103017 | PORTFOLIO RECOVERY | GEARY KENNETHI | 01/15/2008 |
| 2008-M1-103094 | PORTFOLIO RECOVERY | MISIUDA MARIA | 01/15/2008 |
| 2008-M1-103095 | PORTFOLIO RECOVERY | MOKEME LINDA J | 01/15/2008 |
| 2008-M1-103097 | PORTFOLIO RECOVERY | MOYO MARGARITA | 01/15/2008 |
| 2008-M1-103098 | PORTFOLIO RECOVERY | MOSLEY CHARLA R | 01/15/2008 |
| 2008-M1-103103 | PORTFOLIO RECOVERY | ORR GEORGIA | 01/15/2008 |

| 2008-M1-103106 | PORTFOLIO RECOVERY | RUDLOFF GUY | 01/15/2008 |
| 2008-M1-103108 | PORTFOLIO RECOVERY | OSHANA JINI A | 01/15/2008 |
| 2008-M1-103124 | PORTFOLIO RECOVERY | WILLIAMS CAROLYN | 01/15/2008 |
| 2008-M1-103145 | PORTFOLIO RECOVERY | THOR JERZY | 01/15/2008 |
| 2008-M1-103503 | PORTFOLIO RECOVERY | CLARKE PHILLIP G | 01/15/2008 |
| 2008-M1-103504 | PORTFOLIO RECOVERY | CARPIO CHRISTIAN | 01/15/2008 |
| 2008-M1-103509 | PORTFOLIO RECOVERY | SIEKMAN ROBERT A | 01/15/2008 |
| 2008-M1-103519 | PORTFOLIO RECOVERY | WRIGHT EDNA | 01/15/2008 |
| 2008-M1-103521 | PORTFOLIO RECOVERY | KANE TERRY EDW | 01/15/2008 |
| 2008-M1-103525 | PORTFOLIO RECOVERY | JOHNSON PAULETTE | 01/15/2008 |
| 2008-M1-102601 | PORTFOLIO RECOVERY | HANIEH MOHD S | 01/14/2008 |
| 2008-M1-102602 | PORTFOLIO RECOVERY | GONZALEZ MIGUEL A | 01/14/2008 |
| 2008-M1-102603 | PORTFOLIO RECOVERY | VAUGHAN RANDALL S | 01/14/2008 |
| 2008-M1-102625 | PORTFOLIO RECOVERY | HUMES TERRANCE P | 01/14/2008 |
| 2008-M1-102626 | PORTFOLIO RECOVERY | JADO SARKIS | 01/14/2008 |
| 2008-M1-102627 | PORTFOLIO RECOVERY | MARRONE ALAN E | 01/14/2008 |
| 2008-M1-102633 | PORTFOLIO RECOVERY | RAMOS PABLITO | 01/14/2008 |
| 2008-M1-102640 | PORTFOLIO RECOVERY | RADUNSKY VALERY | 01/14/2008 |
| 2008-M1-102641 | PORTFOLIO RECOVERY | QUINONES MARY JO | 01/14/2008 |
| 2008-M1-102642 | PORTFOLIO RECOVERY | OMALLEY JAMES | 01/14/2008 |
| 2008-M1-102648 | PORTFOLIO RECOVERY | MEZA DORIS | 01/14/2008 |
| 2008-M1-102702 | PORTFOLIO RECOVERY | HUMES DERON | 01/14/2008 |
| 2008-M1-102357 | PORTFOLIO RECOVERY | JONES KIMBERLY | 01/11/2008 |
| 2008-M1-102360 | PORTFOLIO RECOVERY | LOSTER BRIAN | 01/11/2008 |
| 2008-M1-102362 | PORTFOLIO RECOVERY | NOVAK KELLY M | 01/11/2008 |
| 2008-M1-102364 | PORTFOLIO RECOVERY | PAIGE ANNIE | 01/11/2008 |
| 2008-M1-102366 | PORTFOLIO RECOVERY | RANEY KELLI | 01/11/2008 |
| 2008-M1-101639 | PORTFOLIO RECOVERY | LONG CAROL E | 01/09/2008 |
| 2008-M1-101689 | PORTFOLIO RECOVERY | GOMEZ MARILUZ | 01/09/2008 |
| 2008-M1-101693 | PORTFOLIO RECOVERY | JENKINS RALPH | 01/09/2008 |
| 2008-M1-101694 | PORTFOLIO RECOVERY | MARCELLO CONNIE M | 01/09/2008 |
| 2008-M1-101696 | PORTFOLIO RECOVERY | MCLEAN DOREEN | 01/09/2008 |
| 2008-M1-101179 | PORTFOLIO RECOVERY | HUTCHINS SANDRA | 01/08/2008 |
| 2008-M1-101219 | PORTFOLIO RECOVERY | TOWNSEND ALEASA | 01/08/2008 |
| 2008-M1-101235 | PORTFOLIO RECOVERY | JONES ROBERT | 01/08/2008 |

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TARA PICHLA, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 3085 |
| | ) | |
| vs. | ) | Judge Lindberg |
| | ) | Magistrate Judge Cole |
| PORTFOLIO RECOVERY ASSOCIATES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF DANIEL A. EDELMAN**

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions.  He is the author of Chapter 6, "Predatory Lending and Potential Class Actions," in Real Estate Litigation (Ill. Inst. For Cont. Legal Educ. 2008), Chapter 4-1, "Truth in Lending Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2008),  ch. 6 of Illinois Mortgage Foreclosure Practice (Ill. Inst. For Cont. Legal Educ.2003);  Predatory Lending and Potential Class Actions, ch. 5 of Real Estate Litigation (Ill. Inst. For Cont. Legal Educ.2004); co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995);

1

author of <u>An Overview of The Fair Debt Collection Practices Act</u>, in Financial Services Litigation, Practicing Law Institute (1999); co-author of <u>Residential Mortgage Litigation</u>, in Financial Services Litigation, Practicing Law Institute (1996); author of <u>Automobile Leasing: Problems and Solutions</u>, 7 Loy.Consumer L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation</u>, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers</u>, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n 1996); author of <u>The Fair Debt Collection Practices Act: Recent Developments</u>, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

       3.    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991. Decisions in which she was involved prior to joining the firm include: <u>Johnson v. Heckler</u>, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); <u>Sanders v. Shephard</u>, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); <u>Maller v. Cohen</u>, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); <u>Wright v. Department of Labor</u>, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); <u>Barron v. Ward</u>, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); <u>City of Chicago v. Leviton</u>, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); <u>Jude v. Morrissey</u>, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

       4.    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in <u>Federal Practice Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender Association 1989); <u>Governmental Tort Immunity in Illinois</u>, 55 Ill.B.J. 29 (1966); <u>Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations</u>, 2 Loy.Consumer L.Rep. 64

(1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.     **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** <u>Williams v. Chartwell Financial Services, LTD</u>, 204 F.3d 748 (7th Cir. 2000); <u>Hillenbrand v. Meyer Medical Group</u>, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); <u>Bessette v. Avco Fin. Servs.</u>, 230 F.3d 439 (1st Cir. 2000); <u>Large v. Conseco Fin. Servicing Co.</u>, 292 F.3d 49 (1st Cir. 2002);; <u>Carbajal v. Capital One</u>, 219 F.R.D. 437 (N.D.Ill. 2004); <u>Russo v. B&B Catering</u>, 209 F.Supp.2d 857 (N.D.IL 2002); <u>Garcia v. Village of Bensenville</u>, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); <u>Romaker v. Crossland Mtg. Co.</u>, 1996 U.S.Dist. LEXIS 6490 (N.D.IL); <u>Mount v. LaSalle Bank Lake View</u>, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.     **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** <u>Johnson v. Revenue Management, Inc.</u>, 169 F.3d 1057 (7th Cir.1999); <u>Hernandez v. Attention, LLC</u>, 429 F. Supp. 2d 912 (N.D. Ill. 2005); <u>Coelho v. Park Ridge Oldsmobile, Inc.</u>, 247 F. Supp. 2d 1004 (N.D. Ill. 2003); <u>Dominguez v. Alliance Mtge., Co.</u>, 226 F. Supp. 2d 907 (N.D. Ill. 2002); <u>Watson v. CBSK Financial Group, Inc.</u>, 197 F. Supp. 2d 1118 (N.D. Ill. 2002); <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u> 123 F. Supp. 2d 1085 (N.D. Ill. 2000), <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 123 F. Supp. 2d 1079, <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 114 F. Supp. 2d 731 (N.D. Ill. 2000); <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 193 F.R.D. 544 (N.D. Ill. 2000); <u>Vines v. Sands</u>, 188 F.R.D. 302 (N.D. Ill. 1999); <u>Veillard v. Mednick</u>, 24 F. Supp. 2d 863 (N.D. Ill.1998); <u>Sledge v. Sands</u>, 182 F.R.D. 255 (N.D. Ill. 1998), <u>Vines v. Sands</u>, 188 F.R.D. 203 (N.D. Ill. 1999), <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. 2001); <u>Binder v. Atlantic Credit and Finance, Inc.</u>, 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); <u>Carroll v. Butterfield Heath Care, Inc.</u>, 2003 WL 22462604 (N.D. Ill. 2003); <u>Payton v. New Century Mtge., Inc.</u>, 2003 WL 22349118 (N.D. Ill. 2003); <u>Seidat v. Allied Interstate, Inc.</u>, 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); <u>Michalowski v. Flagstar Bank, FSB</u>, 2002 WL 112905 (N.D. Ill. 2002); <u>Bigalke v. Creditrust Corp.</u>, 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); <u>Donnelly v. Illini Cash Advance</u>, 2000 WL 1161076 (N.D. Ill. 2000); <u>Mitchem v. Paycheck Advance Express</u>, 2000 WL 419992 (N.D. Ill 2000); <u>Pinkett v. Moolah Loan Co.</u>, 1999 WL 1080596 (N.D. Ill. 1999); <u>Farley v. Diversified Collection Serv.</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Davis v. Commercial Check Control</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Sledge v. Sands</u>, 1999 WL 261745 (N.D. Ill. 1999); <u>Slater v. Credit Sciences, Inc.</u>, 1998 WL 341631 (N.D. Ill. 1998); <u>Slater v. Credit Sciences, Inc.</u>, 1998 WL

3

299803 (N.D. Ill. 1998).

### 7.   Associates

    **a.**    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Johnson v. Thomas, 342 Ill. App.3d 382, 794 N.E.2d 919 (1ˢᵗ Dist. 2003); Jolly v. Shapiro & Kreisman, 237 F. Supp. 2d 888 (N.D. Ill. 2002); Parker v. 1-800 Bar None, a Financial Corp., Inc. 2002 WL 215530 (N.D. Ill. 2002); Jiang v. Allstate Ins. Co. (199 F.R.D. 267); Hill v. AMOCO Oil Co. 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); Doxie v. Impac Funding Corp. 2002 WL 31045387 (N.D. Ill. 2002); Levin v. Kluever & Platt LLC 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); Pleasant v. Risk Management Alternatives 2003 WL 22175390 (N.D. Ill. 2003); Jenkins v. Mercantile Mortgage 231 F. Supp. 2d 737 (N.D. Ill. 2002); Hobson v. Lincoln Ins. Agency, Inc. 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), Anderson v. Lincoln Ins. Agency 2003 WL 291928, Hobson v. Lincoln Ins. Agency 2003 WL 338161 (N.D. Ill. 2003); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7ᵗʰ Cir. 2006). He is a member of the Northern District of Illinois trial bar.

    **b.**    **Julie Clark** (neé Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank 219 F. Supp.2d 935 (N.D. Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.I ll.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., No. 1-07-0684, 2007 Ill. App. LEXIS 1194 (Ill. App. 1ˢᵗ Dist. Nov. 13, 2007).

    **c.**    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

    **d.**    **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F. Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F. Supp.2d 776 (N.D. Ill. 2007).

**e.**    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** <u>Pietras v. Sentry Ins. Co.</u>, 513 F. Supp.2d 983 (N.D. Ill. 2007); <u>Hernandez v. Midland Credit Mgmt.</u>, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); <u>Balogun v. Midland Credit Mgmt.</u>, 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

**f.**    **Tiffany N. Hardy** (admitted NY, DC, IL) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

**g.**    **Zachary Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

**h.**    **Rupali Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois College of Law (J.D. 2007).

**i.**    **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

**8.**    The firm also has 15 legal assistants, as well as other support staff.

**9.**    Since its inception, the firm has recovered more than $500 million for consumers.

**10.**    The types of cases handled by the firm are illustrated by the following:

**11.**    **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices.  These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation.  Decisions in the firm's mortgage cases include: <u>Christakos v. Intercounty Title Co.</u>, 196 F.R.D. 496 (N.D.Ill. 2000); <u>Johnstone v. Bank of America, N.A.</u>, 173 F.Supp.2d 809 (N.D.Ill. 2001); <u>Leon v. Washington Mut. Bank, F.A.</u>, 164 F.Supp.2d 1034 (N.D.Ill. 2001);  <u>Williamson v. Advanta Mortg. Corp.</u>, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); <u>McDonald v. Washington Mut. Bank, F.A.</u>, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); <u>Metmor Financial, Inc. v. Eighth Judicial District Court</u>, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); <u>GMAC Mtge. Corp. v. Stapleton</u>, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); <u>Leff v. Olympic Fed. S. & L. Ass'n</u>, 1986 WL 10636 (N.D.Ill. 1986); <u>Aitken v. Fleet Mtge. Corp.</u>, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); <u>Poindexter v. National Mtge. Corp.</u>, 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); <u>Sanders v. Lincoln Service Corp.</u>, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); <u>Robinson v. Empire of</u>

America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

       **12.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

       **13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

       **14.**    **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

       **15.**    **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

       **a.**    Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

       **b.**    Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

       **c.**    Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

       **d.**    Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist.

LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

        **e.**     Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

        **f.**     Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

     **16.**     These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

     **17.**     **Predatory lending practices:**  The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

     **18.**     **Other consumer credit issues:**  The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

        **a.**     Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); Adams v. Plaza Finance Co., 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); Johnson v. Aronson Furniture Co., 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

     **b.**    The McCarran Ferguson Act exemption. <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

     **c.**    Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

     **d.**    Home improvement financing practices. <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). <u>Heastie</u> granted certification of a class of over 6,000 in a home improvement fraud case.

     **e.**    Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

     **f.**    Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

     **19.**    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); <u>Johnson v. Steven Sims Subaru and Subaru Leasing</u>, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); <u>McCarthy v. PNC Credit Corp.</u>, 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); <u>Kinsella v. Midland Credit Mgmt., Inc.</u>, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434 (7th Cir. 1994); <u>Black v. Mitsubishi Motors Credit of America, Inc.</u>, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); <u>Simon v. World Omni Leasing Inc.</u>, 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include <u>Shepherd v. Volvo Finance North America, Inc.</u>, 1-93-CV-971 (N.D.Ga.)($8 million benefit); <u>McCarthy v. PNC Credit Corp.</u>, 291 CV 00854 PCD (D.Conn.); <u>Lynch Leasing Co. v. Moore</u>, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); <u>Blank v. Nissan Motor Acceptance Corp.</u>, 91 L 8516 (Circuit Court of Cook County, Illinois); <u>Mortimer v. Toyota Motor Credit Co.</u>, 91 L 18043 (Circuit Court of Cook County, Illinois); <u>Duffy v. Security Pacific Automotive Financial Services, Inc.</u>, 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

20.    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act.  As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

21.    **Collection practices:**  The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual.  Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995);  Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

22.    Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  I argued it before the Supreme Court and Seventh Circuit.  Avila v. Rubin is a leading decision on phony "attorney letters."

23.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions.  One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.  Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Murray v.

9

GMAC Mortgage Corp., 05 C 1229, _____ F.Supp.2d _____, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); In re Ocean Bank, 06 C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

24.    **Class action procedure:** Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

25.    **Landlord-tenant:** The firm has brought a number of class actions against landlords for various matters including failing to pay interest on security deposits or commingling security deposits, breach of the warranty of habitability, improper late charges, and various violations of the CRLTO. Reported decisions include: Wang v. Williams,343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); Onni v. Apartment Management and Investment Co., 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2d Dist. 2003) (case challenging improper late charges, which later settled on a class basis for $200,000); Dickson v. West Koke Mill Village P'Ship, 329 Ill.App.3d 341 (4th Dist. 2002). Illustrative cases include: Hale v. East Lake Management & Developmental Corp., et al., 00 CH 16139, in the Cook County Circuit Court, Judge Madden granted class certification for tenants who had not been paid their security deposit interest after the end of each twelve month rental period. The East Lake case later settled on a classwide basis for over $400,000.

26.    Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 Bankr. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v.

10

<u>Jones</u>, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

      27.     Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action.  <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

                                s/Daniel A. Edelman
                                Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11