## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TARA PICHLA, individually and    )
on behalf of the class,    )
   )
      Plaintiff,    )   Judge Lindberg
   )
   -vs-    )   Case No.:   08 C 3085
   )
PORTFOLIO RECOVERY    )   Magistrate Judge Cole
ASSOCIATES, LLC,    )
   )
      Defendant.    )

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Portfolio Recovery Associates, LLC (PRA), by and through undersigned counsel, and for its answer to Plaintiff's complaint, states as follows:

1.    This action seeks redress for the conduct of the defendant, a debt buyer, in filing collections on purported debts which it did not have lawful title.

**Answer:**    **PRA admits that Plaintiff purports to bring an action on behalf of herself and all others similarly situated for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), but denies that this action meets the requirements of a class action and further denies any liability, violations, and wrongdoing under the law.**

2.    There is substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

1

**Answer:** **PRA specifically denies any liability, violations, and wrongdoing under the law. PRA is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in ¶ 2, which has the effect of a denial.**

3.    There are multiple reported cases in which debtors have been subjected to litigation because they "settle" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C.Cir 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligator subjected to litigation as a result). See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D.Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D.Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

**Answer:** **¶ 3 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, PRA denies the allegations of ¶ 3 of Plaintiff's Complaint.**

4.    In <u>Wood v. M&J Recovery LLC,</u>. CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, NLRS was unable to pay, that the sale agreement was modified so that NLRS would obtain 1/5 of the portfolio, and that 1/5 did not include the plaintiff's debt.  Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

**Answer:    ¶ 4 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 4 of Plaintiff's Complaint.**

5.    In <u>Associates Financial Services Co. v. Bowman, Heitz, Boscia & Vician, P.C.,</u> IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 ( S.D.Ind., April 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to debt buyer.

**Answer:    ¶ 5 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 5 of Plaintiff's.**

6.    An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on. Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in a smaller chunk that they can handle.
>
> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers: the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent……..

Corrinna C. Petry, <u>Do Your Homework: Dangers often lay hidden in secondary market debt portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty surprises</u>, Collections & Credit Risk, March 2007, pg.24 Vol. 12 No.3.

**<u>Answer:</u>    ¶ 6 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA admits, upon information and belief, that the article is quoted accurately.  Except as specifically admitted herein, the allegations of ¶ 6 of Plaintiff's Complaint are denied.**

7.    Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts. <u>In re Foreclosure Cases,</u> 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007); <u>In re Foreclosure Cases</u>, 07-cv-166 and 18 others, 2007 U.S. Dist/ LEXIS 90812 (S.D. Ohio Nov. 27, 2007); <u>In re Foreclosure</u>

Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 ( S.D. Ohio, Dec. 27, 2007); Novastar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. Lexis 86216 ( S.D. Ohio, Nov.21, 2007); Novastar Mortgage Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio., Nov 21, 2007); Everhome Mtge, Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 ( Ohio App. March 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44: 239 N.Y.L.J. 16 (Kings Co. N.Y., Sup. Ct., Jan.14,2008); HSBC Bank USA. N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229( Kings Co., N.Y., Sup Ct., January 30, 2008); HSBC Bank USA, N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec 17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings Co., N.Y. Sup.Ct. 2007).

**Answer:** ¶ 7 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, PRA denies the allegations of ¶ 7 of Plaintiff's Complaint.

8.    Debt Buyer American Acceptance has a lawsuit pending alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D. Ind.) Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owed by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D.Fla., filed Nov 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank ( Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM ( S.D. Fla., Jan. 24 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits, " Collections & Credit Risk, April 2008, p.8.

**Answer:**    **¶ 8 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 8 of Plaintiff's Complaint.**

9.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies". This makes applicable the special

assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case entitled to judgment. <u>Business Service Bureau, Inc. v. Webster</u>, 298 Ill. App. 3d 257, 698 N.E.2d 702 ( 4th Dist 1998).

**Answer:** ¶ 9 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, PRA denies the allegations of ¶ 9 of Plaintiff's Complaint.

10.    Section 8b of the ICAA provides:

**Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

(a) **The assignment in manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

  (i) **the effective date of the assignment; and**
  (ii) **the consideration for the assignment.**

(b) **The consideration for the assignment may be paid or given either before or after the effective of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be same as the fee for collection.**

(c) **All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

> **(d)** No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.
>
> **(e)** No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law......

**Answer:** ¶ 10 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, PRA denies the allegations of ¶ 10 of Plaintiff's Complaint to the extent the excerpt derogates from the actual statute.

11.   Furthermore, the assignment must be attached to the complaint. Candice Co. v. Ricketts, 281 Ill. App.3d 359, 362, 666 N. E.2d 722 ( 1st Dist. 1996).

**Answer:**   PRA denies the allegations of ¶ 11 of Plaintiff's Complaint.

12.   Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

**Answer:**   PRA denies the allegations of ¶ 12 of Plaintiff's Complaint.

13.   Defendant Portfolio Recovery Associates, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and therefore, without valid claims.

**Answer:**   PRA denies the allegations of ¶ 13 of Plaintiff's Complaint.

14.     In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA § 9.

**Answer:     PRA admits that Plaintiff purports to bring an action on behalf of herself and all others similarly situated alleging violations of the FDCPA and Illinois Collection Agency Act as set forth in ¶ 14 of Plaintiff's Complaint, but denies any liability, violations, and wrongdoing under the law.**

## VENUE AND JURISDICTION

15.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**Answer:     PRA admits the allegations in ¶ 15 of Plaintiff's Complaint for jurisdictional purposes only.**

16.     Venue and personal jurisdiction in this District are proper because:

    a.     Defendant's collection communications and activities impacted plaintiff within this District;

    b.     Defendant does business or is located within this District.

**Answer:     PRA admits the allegations in ¶ 16 of Plaintiff's Complaint for jurisdictional and venue purposes only.**

## PARTIES

17.     Plaintiff is an individual who resides in the Northern District of Illinois.

9

**Answer:      PRA is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 17 of Plaintiff's Complaint, which has the effect of a denial.**

18.      Defendant Portfolio Recovery Associates LLC is a limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia.

**Answer:      PRA admits the allegations of ¶ 18 of Plaintiff's Complaint.**

19.      Defendant Portfolio Recovery Associates LLC is engaged in the business of buying bad debts allegedly owed by consumers for a small fraction of face value (under 5%) and enforcing the debts against consumers.

**Answer:      PRA denies the allegations of ¶ 19 of Plaintiff's Complaint.**

20.      According to the annual report on SEC Form 10-K for the year ending December 31, 2005 filed by Portfolio Recovery Associates LLC's parent, Portfolio Recovery Associates, Inc., "Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retails merchants." (original page 4)

**Answer:      PRA admits the allegations of ¶ 20 of Plaintiff's Complaint upon information and belief.**

21.      The same annual report states that "From our 1996 inception through December 31, 2005, we acquired 658 portfolios with a face value of $16.4 billion for $415.4 million, representing more than 7.8 million customer accounts."

(Original page 4)  Of these, Illinois debts comprise 254,379 accounts (3% of the total) with a face value of $536,690,148.  Portfolio Recovery Associates LLC paid only $14,340,056 for these debts.  (Original page 8)

**Answer:**    **PRA admits the allegations of ¶ 21 of Plaintiff's Complaint upon information and belief.**

22.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Portfolio Recovery Associates LLC is a "debt collector" as defined in the FDCPA.

**Answer:**    **PRA denies the allegations of ¶ 22 of Plaintiff's Complaint.**

23.    Defendant Portfolio Recovery Associates LLC does business in Illinois.  Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL  60606.

**Answer:**    **PRA admits the allegations of ¶ 23 of Plaintiff's Complaint.**

24.    Defendant Portfolio Recovery Associates LLC regularly uses the mails and telephones to conduct its business.

**Answer:**    **PRA admits the allegations of ¶ 24 of Plaintiff's Complaint.**

25.    Defendant Portfolio Recovery Associates LLC has been the plaintiff in more than 40 Illinois lawsuits filed since January 1, 2008 and seeking to collect consumer debts.

**Answer:**    **PRA admits the allegations of ¶ 25 of Plaintiff's Complaint upon information and belief.**

### FACTS RELATING TO PLAINTIFF

11

26.    On or about April 4, 2008, Portfolio Recovery Associates LLC filed suit against Tara Pichla in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.    Portfolio Recovery Associates LLC claimed to have purchased the debt.

**Answer:**    **PRA admits the allegations of ¶ 26 of Plaintiff's Complaint upon information and belief.**

27.    The complaint did not attach any sort of assignment.

**Answer:**    **PRA admits the allegations of ¶ 27 of Plaintiff's Complaint upon information and belief.**

28.    On information and belief, defendant did not have an assignment that complied with § 8b of the Collection Agency Act.

**Answer:**    **PRA denies the allegations of ¶ 28 of Plaintiff's Complaint.**

29.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

**Answer:**    **PRA denies the allegations of ¶ 29 of Plaintiff's Complaint.**

## FACTS – GENERAL

30.    Defendant Portfolio Recovery Associates LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with § 8b of the Collection Agency Act, and therefore, without a valid claim.

**Answer:**    **PRA denies the allegations of ¶ 30 of Plaintiff's Complaint.**

31.     Defendant knows or should know that it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

**Answer:**     **PRA denies the allegations of ¶ 31 of Plaintiff's Complaint.**

32.     On information and belief, based on a computer search of court records, defendant has filed over such 40 such lawsuits.

**Answer:**     **PRA denies the allegations of ¶ 32 of Plaintiff's Complaint.**

## CLASS ALLEGATIONS

33.     Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ.P.23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant Portfolio Recovery Associates LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

**Answer:**     **PRA admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

34.     The class is so numerous that joinder of all members is not practicable.

**Answer:**     **PRA denies the allegations of ¶ 34 of Plaintiff's Complaint.**

35.     On information and belief, there are at least 40 individuals against whom defendant Portfolio Recovery Associates LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with § 8b of the ICAA.

**Answer:**    **PRA is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 35 of Plaintiff's Complaint, which has the effect of a denial.**

36.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

    a.  Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA.

    b.  Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about.

    c.  Whether such practice is an unfair of deceptive.

    d.  Whether defendant violates the ICAA.

**Answer:**    **PRA denies the allegations of ¶ 36 of Plaintiff's Complaint.**

37.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**Answer:**    **PRA denies the allegations of ¶ 37 of Plaintiff's Complaint.**

38.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**Answer:**    **PRA denies the allegations of ¶ 38 of Plaintiff's Complaint.**

39.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**Answer:     PRA denies the allegations of ¶ 39 of Plaintiff's Complaint, including subparts (a) through (c).**

## COUNT I – FAIR COLLECTION PRACTICES ACT

40.     Plaintiff incorporates paragraphs 1-39.

**Answer:     PRA re-alleges and re-avers its Answer to ¶ 1 - 39 as if set forth fully herein.**

41.     The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

**Answer:     ¶ 41 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 41 of Plaintiff's Complaint.**

42.     Since Kimber v. Federal Financial Corp., 688 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

15

**Answer:**    ¶ 42 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 42 of Plaintiff's Complaint.

43.    In addition, by filing suit defendant misrepresents that it has proper title to the debt and the right to file suit, when this not true.

**Answer:**    PRA denies the allegations of ¶ 43 of Plaintiff's Complaint.

44.    Section 1692e provides:

**§1692e.    False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…

(2)    The false representation of—

(A)    the character, amount, or legal status of any debt;…

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken….

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

**Answer:**    ¶ 44 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 44 of Plaintiff's Complaint.

45.    Section 1692f provides:

**§1692f.    Unfair practices [Section 808 of P.L.]**

16

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....

**Answer:**    ¶ 45 of Plaintiff's Complaint directs no allegations at PRA and contains only a legal conclusion to which no answer is required.  To the extent such an answer is necessary, PRA denies the allegations of ¶ 45 of Plaintiff's Complaint.

### COUNT II- ILLINOIS COLLECTION AGENCY ACT

46.    Plaintiff incorporates paragraphs 1-39.

**Answer:**    PRA re-alleges and re-avers its Answer to ¶ 1 - 39 as if set forth fully herein.

47.    Defendant is a "collection agency" as defined in the ICAA.

**Answer:**    PRA denies the allegations of ¶ 47 of Plaintiff's Complaint.

48.    Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... Buys accounts, bills or other indebtedness and engages in collection the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same."  By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged- off debts for their own account.

**Answer:**    PRA denies the allegations of ¶ 48 of Plaintiff's Complaint.

49.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

**Answer:**      **PRA denies the allegations of ¶ 49 of Plaintiff's Complaint.**

50.    Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...**

**Answer:**      **PRA denies the allegations of ¶ 50 of Plaintiff's Complaint.**

51.    A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic,</u> 74 Ill.App.3d 21.392 N.E.2d 154 (1st Dist. 1979).

**Answer:**      **PRA denies the allegations of ¶ 51 of Plaintiff's Complaint.**

52.    Plaintiff and the members of the class were damaged as a result.

**Answer:**      **PRA denies the allegations of ¶ 52 of Plaintiff's Complaint.**

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

53.    Plaintiff incorporates paragraph 1-39.

**Answer:**      **PRA re-alleges and re-avers its Answer to ¶ 1 - 39 as if set forth fully herein.**

54.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**Answer:**      **PRA denies the allegations of ¶ 54 of Plaintiff's Complaint.**

55.    Defendant engaged in such conduct in the course of trade and commerce.

**Answer:**      **PRA denies the allegations of ¶ 55 of Plaintiff's Complaint.**

56.    Defendant engaged in such conduct for the purpose of obtaining money from and injuring the credit of plaintiff and others.

**Answer:**    **PRA denies the allegations of ¶ 56 of Plaintiff's Complaint.**

57.    Plaintiff and the members of the class were damaged as a result.

**Answer:**    **PRA denies the allegations of ¶ 57 of Plaintiff's Complaint.**

58.    The filing of collection lawsuits is regularly picked up and reported by credit bureaus.

**Answer:**    **PRA is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 58 of Plaintiff's Complaint, which has the effect of a denial.**

AND NOW, in further Answer to the Complaint, Defendant PRA avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against PRA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event PRA is found to be a debt collector as defined in FDCPA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant Portfolio Recovery Associates LLC respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for PRA, and for all other general and equitable relief.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Defendant PRA

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
E-Mail:    disrael@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL  60091
Telephone:  (847)  853-6100
Facsimile:  (847)  853-6105
E-Mail:    jschultz@sessions-law.biz

Attorney for Portfolio Recovery Associates LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TARA PICHLA, individually and )
on behalf of the class, )
 )
   Plaintiff, ) Judge Lindberg
 )
  -vs- ) Case No.: 08 C 3085
 )
PORTFOLIO RECOVERY ) Magistrate Judge Cole
ASSOCIATES, LLC, )
 )
   Defendant. )

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of July, 2008, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

 Daniel A. Edelman
 Cathleen M. Combs
 James O. Latturner
 EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
 120 S. LaSalle Street 18th Floor
 Chicago, Illinois 60603

     /s/ James K. Schultz
     Attorney for Defendant PRA